UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SON STRIKER T.,

Petitioner,

v.

US ATTORNEY GENERAL, DEPARTMENT OF HOMELAND SECURITY, IMMIGRATION CUSTOMS ENFORCEMENT, WARDEN, CALIFORNIA CITY (ICE),

Respondents.

No. 1:26-CV-05161-RLP

ORDER GRANTING HABEAS PETITION IN PART

Before the Court is Son T.'s[1] ("Petitioner") petition for writ of habeas corpus, ECF No. 1. Petitioner challenges the lawfulness of his civil detention and

---

[1]As recommended by the Committee on Court Administration and Case Management of the Judicial Conference of the United States, the Court omits Petitioner's full name, using only the first name and last initial, to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social

seeks immediate release. Respondents contend the Petition should be dismissed as Petitioner is subject to mandatory detention under Section 1226(c), because Petitioner was sentenced to a term of imprisonment of at least one year for a crime involving moral turpitude. Because Petitioner was only sentenced to 364-days of incarceration for his crime, and his later 86-day sentence for a probation violation is a separate term of imprisonment, the Court finds Petitioner is not subject to mandatory detention under Section 1226(c). He is therefore entitled to a bond hearing under Section 1226(a).

## BACKGROUND

Petitioner is a citizen of Haiti. He entered the United States on January 21, 2018, and was designated a lawful permanent resident. Petitioner resided in Florida from this time. On February 10, 2023, Petitioner was convicted in Florida state court of Aggravated Battery in violation of Fla. Stat § 784.045(1)(A)(1) & (2) after being arrested on charges of raping a 16-year-old. The court sentenced Petitioner to a 364-day term of incarceration, to be followed by five years of probation.

---

Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

After being released from imprisonment, on November 3, 2025, Petitioner was detained while visiting his probation office by immigration officers as being deportable under Section 237 (a)(2)(A)(i) of the Immigration and Nationality Act (Act). He was served a Notice to Appear the same day. A search of Petitioner by immigration officers on the day of his arrest uncovered a tampered urine sample. The tampered urine sample provided grounds for a probation violation, and Petitioner was detained in the Palm Beach County Jail. On February 11, 2026, Petitioner admitted the probation violation, and was sentenced to time served for the 86 days he had spent in jail. Petitioner was subsequently detained in an immigration facility in Florida, and eventually transferred to the California City Immigration Processing Center. He has not been provided a bond hearing.

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas

jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

IMMIGRATION AND NATIONALITY ACT

Under 8 U.S.C. § 1226(c), noncitizens who have been convicted of certain enumerated crimes are subject to mandatory detention while their removal cases proceed. Section 1226(c) includes any noncitizen who "is deportable under section 1227(a)(2)(A)(i) of this title [i.e., a crime of moral turpitude] on the basis of an offense for which the [noncitizen] has been sentence[d] to a term of imprisonment of at least 1 year." 8 U.S.C. § 1226(c)(1)(C). The Eleventh Circuit has held that Aggravated Battery under Fla. Stat. § 784.045 is a crime of moral turpitude for purposes of section 1227(a)(2)(A)(i). *Sosa-Martinez v. U.S. Atty. Gen.*, 420 F.3d 1338, 1342 (11th Cir. 2005). Therefore, Petitioner is subject to mandatory detention under Section 1226(c) if he has been sentenced to a term of imprisonment of at least 1 year.

The INA defines "term of imprisonment" to include "the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." 8 U.S.C. § 1101(a)(48)(B). The Ninth Circuit has likewise recognized that "[t]he imposition of a jail term [for a probation violation] following an original suspension of sentence is clearly contemplated by 'term of

imprisonment' as defined in 8 U.S.C. Section 1101(a)(48)(B)." *Ramirez v. Holder*, 562 F. App'x 555 (9th Cir. 2014).

Petitioner was initially sentenced to a 364-day term of imprisonment, one day shy of one year, to be followed by a five-year term of probation. Petitioner was later sentenced to an additional 86 days of imprisonment for a probation violation. Respondents take the position that, under Section 1101(a)(48)(B) and *Ramirez*, the two terms of imprisonment can be construed as one, resulting in a 450-day "term of imprisonment" which exceeds one year and satisfies Section 1226(c)(1)(C). However, Section 1101(a)(48)(B) only provides that a suspended sentence counts as a "term of imprisonment," and in *Ramirez* the Ninth Circuit ruled that the imposition of a jail term following a suspended sentence counts as a "term of imprisonment."

Florida law distinguishes between "true split sentences," where a defendant is sentenced to a term of incarceration but part or all of that term is suspended in favor of probation, and "probationary split sentences," where a defendant serves a term of incarceration, none of which is suspended, followed by a term of probation. *See Howells v. State*, 16 So. 3d 852, 853 (Fla. Dist. Ct. App. 2009). Petitioner did not receive a suspended sentence, but a probationary split sentence of a 364-day term of incarceration, followed by a five-year term of probation. After completing his term of incarceration, he was later additionally sentenced to 86-

days for a probation violation. As this latter sentence was not part of the initial term of imprisonment, and not a jail term following a suspended sentence, the two terms of imprisonment must be considered separately. Section 1226(c)(1)(C) does not apply here as Petitioner was not sentenced to a term of imprisonment of at least one year and therefore Petitioner is not subject to mandatory detention.

Section 1226(a) sets out the "default rule" for noncitizens already present in the country such as Petitioner. *Jennings v. Rodriquez*, 583 U.S. 281, 288, 138 S.Ct. 830 (2016). Under this discretionary rule, "[a]n immigration officer makes the initial determination to either detain or release the noncitizen, but after that decision has been made, the noncitizen may request a bond hearing before an immigration judge." *Lepe v. Andrews*, 801 F.Supp.3d 1104, 1112 (E.D. Cal. 2025) (citing 8 C.F.R. § 1236.1(c)(8), (d)(1)). At any such bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge ... that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'" *Id*. (citing *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017)).

Having been deprived a bond hearing or any opportunity to establish that he does not present a danger to national security or pose a risk of flight, the Court concludes that as Petitioner is not subject to mandatory detention under Section 1226(c)(1)(C), he was wrongfully denied a bond hearing under Section 1226(a).

## FIFTH AMENDMENT DUE PROCESS CLAUSE

The Fifth Amendment Due Process Clause ensures against the deprivation of an individual's life, liberty, or property without due process of law. U.S. CONST. AMEND. V; *Hernandez v. Sessions,* 872 F.3d 976, 990 (9th Cir. 2017). "[T]he Due Process Clause applies to all 'persons' within the United States, including noncitizens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). The clause extends also to immigration proceedings, including detention and deportation proceedings. *Id*. at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

### *a. Protected Liberty Interest*

"Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that [the Due Process] Clause protects." *Zadvydas,* 533 U.S. at 690 (citing *Foucha v. Louisiana*,

504 U.S. 71 (1992)). "Even individuals who face significant constraints on their liberty or over whose liberty the government wields significant discretion retain a protected interest in their liberty." *Pinchi v. Noem*, 792 F.Supp.3d 1025, 1032 (N.D. Cal. 2025).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. While Petitioner has a concerning criminal history, Respondent does not argue he is a danger to the public. Nor does there otherwise appear to be a lawful basis for his continued detention. The Court therefore finds that Petitioner has a liberty interest protected by the Constitution.

*b. Process Required*

The Court is to consider three factors in determining the process required by the Constitution: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

As to the first factor, Petitioner has a substantial private interest in his own liberty. He has been detained by immigration for approximately five months and

has been transferred across the country from his home in Florida. Accordingly, this factor weighs in favor of finding Petitioner has a significant private interest that has been affected by his detention.

As to the second factor, the risk of erroneous deprivation of Petitioner's liberty interest is considerable. Petitioner has not received any bond or custody determination. Because civil immigration detention is "nonpunitive in purpose and effect," due process requires that a "special justification" outweigh Petitioner's protected liberty interest. *Zadvydas*, 533 U.S. at 690. While "[t]he government has legitimate interests in protecting the public and in ensuring that noncitizens in removal proceedings appear for hearings," Petitioner alleges that he has received virtually no procedural safeguards, which Respondent has failed to dispute. *Hernandez*, 872 F.3d 976. Nor does Respondent claim Petitioner is a danger to the public or a flight risk. Accordingly, the second factor weighs in Petitioner's favor. *See A.E. v. Andrews*, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

As to the third factor, Respondent has not provided any justification for detaining Petitioner. While the Court recognizes that the Government may have an interest in enforcement of immigration laws, its interest in continued detention without procedural protections is "low." *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019). The cost required to provide Petitioner procedural safeguards is minimal. *See Doe v. Becerra*, 787 F. Supp. 3d 1083, 1094 (E.D. Cal.

2025). Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Having found all four *Matthews* factors weigh in favor of Petitioner, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker prior to his detention. Having received neither, Petitioner’s continued detention violates the Fifth Amendment Due Process Clause. Accordingly, the Court orders a bond hearing as set forth below.

**Accordingly, IT IS ORDERED:**

1. Petitioner’s Petition for Habeas Corpus, **ECF No. 1**, is **GRANTED in part.**

2. **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondent **SHALL** provide Petitioner with an individualized bond hearing before an immigration judge that complies with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and where “the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond,” *id*. at 1203. In the event Petitioner is “determined not to be a danger to the community and not to be so great a flight risk as to require detention without

bond," the immigration judge should consider Petitioner's financial circumstances and alternative conditions of release. *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). If Respondent fails to provide a timely bond hearing in accordance with this order, Respondent is ordered to immediately release Petitioner.

3. **Within 3 days** from the date of the bond hearing, Respondents are directed to file a notice in this court certifying compliance with this order.

**IT IS SO ORDERED.** Judgment shall be entered in favor of Petitioner and a copy of this order shall be transmitted to Petitioner by mail.

DATED July 10, 2026.

REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE